# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| RELIANCE STANDARD LIFE INSURANCE COMPANY, PHILADELPHIA INDEMNITY INSURANCE COMPANY, and SAFETY NATIONAL CASUALTY CORPORATION, <br><br>                 Plaintiffs, <br><br>        v. <br><br> AMERICAN REALTY CAPITAL PROPERTIES, INC. (n/k/a VEREIT, INC.); ARC PROPERTIES OPERATING PARTNERSHIP L.P. (n/k/a VEREIT OPERATING PARTNERSHIP, L.P.); AR CAPITAL LLC; NICHOLAS S. SCHORSCH; DAVID S. KAY; BRIAN S. BLOCK; LISA P. McALISTER; and LISA BEESON, <br><br>                 Defendants. | Civil Action No. 1:17-cv-02796 |

## DEFENDANT NICHOLAS S. SCHORSCH'S ANSWER TO THE COMPLAINT

In responding to the allegations in the Complaint and Jury Demand dated April 18, 2017 (the "Complaint"), Defendant Nicholas S. Schorsch (i) incorporates into each response a denial of any allegations in the Complaint to the extent such allegations assert or suggest that Mr. Schorsch made any untrue statement of material fact or omitted to state a material fact necessary to make the statements made not misleading, (ii) to the extent that any response is required, denies any allegations or averments in the introductory paragraphs, headings, and subheadings of the Complaint, and (iii) intends to respond only as to allegations directed at him individually, and should not be deemed to be responding to allegations that are directed solely at other Defendants.  Mr. Schorsch, by and through his undersigned attorneys Paul, Weiss, Rifkind, Wharton & Garrison LLP, responds to the specific allegations in the Complaint as follows.

1.      Paragraph 1 states legal conclusions to which Mr. Schorsch need not respond.  To the extent that a response is necessary, Mr. Schorsch admits the allegations in paragraph 1.

2.      Paragraph 2 states legal conclusions to which Mr. Schorsch need not respond.  To the extent that a response is necessary, Mr. Schorsch denies the allegations, except admits that certain of the conduct alleged in the Complaint is alleged to have occurred in this District.

3.      Paragraph 3 states legal conclusions to which Mr. Schorsch need not respond.  To the extent that a response is necessary, Mr. Schorsch denies the allegations.

4.      Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5.      Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6.      Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7.      Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8.      Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.      Mr. Schorsch need not respond to those allegations in paragraph 9 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 9, and otherwise denies the allegations, except admits that American Realty Capital Properties, Inc. (n/k/a VEREIT Inc.) ("ARCP") was registered as a Maryland corporation, was classified as a real-estate investment trust ("REIT"), had an office at 405 Park Avenue, New York, NY 10022, and previously traded on the NASDAQ Stock Market under the symbol "ARCP."

10.     Mr. Schorsch need not respond to the allegations in paragraph 10 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 10, and otherwise denies the allegations, except admits that ARC Properties Operating Partnership, L.P., ("ARC Properties") is organized under the laws of the state of Delaware and that at a point during the Relevant Period listed its address as 405 Park Avenue, 15th Floor, New York, New York 10022, and that ARCP has previously stated that, as of June 30, 2014, ARCP was the sole general partner and holder of 97.3% of the common equity interests in ARC Properties, and refers to the entirety of the agreements between those entities for the terms of their business dealings.

11.     Mr. Schorsch need not respond to those allegations in paragraph 11 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 11, and otherwise denies the allegations, except admits that AR Capital LLC ("AR Capital") is a Delaware limited liability company, that it has offices located at 405 Park Avenue, New York, New York 10022, and that he had an ownership interest in and held an executive officer position at AR Capital, LLC.

12.     Mr. Schorsch need not respond to those allegations in paragraph 12 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies the allegations in paragraph 12.

13.     Mr. Schorsch denies the allegations in paragraph 13 and footnote 1, except admits that he served as Chief Executive Officer of ARCP until on or about September 30, 2014, that he served as the Chairman of ARCP's Board of Directors from the Company's inception until on or about December 12, 2014, admits that his signature appears on each of the Form 10-K and Form 10-Q filings filed with the United States Securities and Exchange Commission ("SEC") during the Relevant Period, and refers to the entirety of the referenced filings for a complete statement of their contents.

14.     Mr. Schorsch need not respond to the allegations in paragraph 14 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 14, and otherwise denies the allegations, except admits that Brian S. Block acted as Chief Financial Officer ("CFO") of ARCP from its inception until on or about October 28, 2014, and was Treasurer and Secretary from January 8, 2014 until on or about October 28, 2014.

15.     Mr. Schorsch need not respond to the allegations in paragraph 15 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 15, and otherwise denies the allegations, except admits that David S. Kay joined ARCP as President in or around

December 2013, that Mr. Kay was appointed CEO on or around October 1, 2014, and that Mr. Kay stepped down as CEO on or about December 15, 2014.

16.     Mr. Schorsch need not respond to the allegations in paragraph 16 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 16, and otherwise denies the allegations, except admits that Lisa P. McAlister served as Chief Accounting Officer of ARCP between on or about November 8, 2013 and October 28, 2014.

17.     Mr. Schorsch need not respond to the allegations in paragraph 17 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 17, and otherwise denies the allegations, except admits that Lisa E. Beeson served as Chief Operating Officer ("COO") beginning on or around November 7, 2013 and as President and COO beginning on or around October 1, 2014, and that she stepped down effective on or about December 15, 2014.

18.     Mr. Schorsch need not respond to those allegations in paragraph 18 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies the allegations in paragraph 18.

19.     Mr. Schorsch denies the allegations in paragraph 19.

20.     Mr. Schorsch need not respond to those allegations in paragraph 20 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 20, and otherwise denies the allegations, except admits that he served as Chief Executive Officer of ARCP from its inception until on or about September 30, 2014, admits that he served as the Chairman of ARCP's Board of Directors from the Company's inception until on or about December 12, 2014, and admits that ARCP previously traded on the NASDAQ and that ARCP was a publicly traded real estate investment trust ("REIT") which generated income from the rent that it received from commercial tenants who leased ARCP's properties.

21.     Mr. Schorsch denies the allegations in paragraph 21.

22.     Mr. Schorsch denies the allegations in paragraph 22 on the basis they are vague and ambiguous and otherwise denies the allegations, except admits that he served as Chief Executive Officer of ARCP from its inception until on or about September 30, 2014, and that he served as the Chairman of ARCP's Board of Directors from the Company's inception until on or about December 12, 2014.

23.     Mr. Schorsch denies the allegations in paragraph 23.

24.     Mr. Schorsch need not respond to the allegations in paragraph 24 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 24, and otherwise denies the allegations, except admits that he understood that ARCP reported AFFO on its SEC filings, and refers to the entirety of the referenced financial statements for a complete statement of their contents.

25.     Mr. Schorsch need not respond to the allegations in paragraph 25 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 25, and otherwise denies the allegations, except admits that he understood that ARCP reported AFFO on its SEC filings, admits that ARCP's 2013 Form 10-K for the period ended December 31, 2013 (the "2013 Form 10-K") contains the quoted language, and refers to the entirety of that filing for a complete statement of its contents.

26.     Mr. Schorsch need not respond to the allegations in paragraph 26 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 26, otherwise denies the allegations, and refers to the entirety of the referenced filings for a complete statement of their contents.

27.     Mr. Schorsch need not respond to the allegations in paragraph 27 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 27, otherwise denies the allegations, and refers to the entirety of the referenced press releases and financial statements for a complete statement of their contents.

28.     Mr. Schorsch need not respond to the allegations in paragraph 28 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 28, and otherwise denies the allegations, except admits that a press release was issued by ARCP on May 8, 2014, admits that it contains the quoted language, and refers to the entirety of that press release, as well as the other referenced press releases, for a complete statement of their contents.

29.     Mr. Schorsch need not respond to the allegations in paragraph 29 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 29, and otherwise denies the allegations, except admits that ARCP was followed by several securities analysts who reported on ARCP during the class period.

30.     Mr. Schorsch need not respond to the allegations in paragraph 30 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 30, and otherwise denies the allegations.

31.     Paragraph 31 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 31 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 31, otherwise denies the allegations, and refers to the entirety of ARCP's Amended 2013 Form 10-K (the

"Amended 2013 Form 10-K"), Amended 1Q14 Form 10-Q (the "Amended 2014 First Quarter Report"), and Amended 2Q14 Form 10-Q (the "Amended 2014 Second Quarter Report") (collectively, the "Amended Reports") for a complete statement of their contents.

32.    Mr. Schorsch need not respond to the allegations in paragraph 32 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 32, and otherwise denies the allegations.

33.    Mr. Schorsch need not respond to the allegations in paragraph 33 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 33, and otherwise denies the allegations, except admits that, on November 5, 2014, *The Wall Street Journal* published an article that stated "[a]t American Realty Capital Properties alone, over the two years ended in December 2013, assets rose nearly 100-fold, to $20.5 billion from $221.6 million," that on February 28, 2013, ARCP filed a Form 8-K announcing the acquisition of ARCT III, that on June 28, 2013, ARCP filed a Form 8-K announcing the acquisition of 447 properties termed the GE Capital Portfolio, that on November 5, 2013, ARCP filed a Form 8-K announcing the acquisition of CapLease, Inc., that on January 3, 2014, ARCP filed a Form 8-K announcing the acquisition of American Realty Capital Trust IV, Inc. ("ARCT IV"), that on January 9, 2014, ARCP filed a Form 8-K announcing the acquisition of Fortress Group Properties, that on February 7, 2014, ARCP filed a Form 8-K announcing the acquisition of Cole, Inc., that on July 28, 2014, ARCP filed a Form 8-K announcing the acquisition of

approximately 500 Red Lobster properties, and refers to the entirety of that article and the referenced filings for a complete statement of their contents.

34.     Mr. Schorsch need not respond to those allegations in paragraph 34 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 34, and otherwise denies the allegations.

35.     Mr. Schorsch need not respond to the allegations in paragraph 35 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 35, and otherwise denies the allegations, except admits that ARCP entered into an Agreement and Plan of Merger with Cole Real Estate Investments, Inc. (the "Cole Merger Agreement") dated October 22, 2013, and refers to the entirety of that agreement for a complete statement of its contents.

36.     Mr. Schorsch need not respond to those allegations in paragraph 36 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 36, and otherwise denies the allegations, except admits that ARCP released a press release on October 23, 2013 regarding the Cole Merger which contained the quoted language, and refers to the entirety of that press release for a complete statement of its contents.

37.     Mr. Schorsch need not respond to the allegations in paragraph 37 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 37, and otherwise denies the allegations, except admits that ARCP entered into the Cole Merger Agreement dated October 22, 2013, that ARCP filed a Registration Statement on Form S-4 with the SEC on December 20, 2013 (the "December 20, 2013 Registration Statement"), and a Joint Proxy Statement/Prospectus dated December 23, 2013 (collectively, the "Cole Merger Materials"), and that the December 20, 2013 Registration Statement contains the quoted language, and refers to the entirety of the Cole Merger Materials for a complete statement of their contents.

38.     Paragraph 38 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 38 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 38, and otherwise denies the allegations, except admits that the Cole Merger Agreement, dated October 22, 2013, contains the quoted language, and refers to the entirety of the October 22, 2013 Cole Merger Agreement for a complete statement of its contents.

39.     Paragraph 39 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 39 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 39, and otherwise

denies the allegations, except admits that the Cole Merger closed on February 7, 2014, and refers to the entirety of the Cole Merger Materials for a complete statement of their contents.

40.     Mr. Schorsch need not respond to those allegations in paragraph 40 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 40, and otherwise denies the allegations.

41.     Mr. Schorsch need not respond to those allegations in paragraph 41 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 41, and otherwise denies the allegations.

42.     Mr. Schorsch need not respond to those allegations in paragraph 42 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 42, otherwise denies the allegations, and refers to the entirety of ARCP's public financial filings for a complete statement of their contents.

43.     Mr. Schorsch need not respond to the allegations in paragraph 43 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 43, otherwise

denies the allegations, and refers to the entirety of ARCP's public financial filings for a complete statement of their contents.

44.     Mr. Schorsch need not respond to those allegations in paragraph 44 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 44, otherwise denies the allegations, and refers to the entirety of ARCP's public financial filings and the 2014 Multi-Year Outperformance Plan (the "2014 OPP") for a complete statement of their contents.

45.     Mr. Schorsch need not respond to those allegations in paragraph 45 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 45, otherwise denies the allegations, and refers to the entirety of ARCP's public financial filings and the 2014 OPP for a complete statement of their contents.

46.     Mr. Schorsch denies the allegations in paragraph 46.

47.     Mr. Schorsch need not respond to the allegations in paragraph 47 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 47, and otherwise denies the allegations.

48.     Mr. Schorsch need not respond to the allegations in paragraph 48 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 48, and otherwise denies the allegations.

49.     Paragraph 49 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 49 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 49, and otherwise denies the allegations, except admits that Lisa P. McAlister filed a verified complaint in the Supreme Court of the State of New York on or about December 18, 2014 asserting claims for defamation against Mr. Schorsch and others ("McAlister Complaint") which was voluntarily dismissed, and that it contains the unaltered language quoted in paragraph 49, and refers to the entirety of the McAlister Complaint for a complete statement of its contents.

50.     Mr. Schorsch need not respond to the allegations in paragraph 50 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 50, and otherwise denies the allegations, except admits that the McAlister Complaint contains the language quoted in paragraph 50, and refers to the entirety of the McAlister Complaint for a complete statement of its contents.

14

51.     Mr. Schorsch need not respond to those allegations in paragraph 51 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 51, and otherwise denies the allegations, except admits that the McAlister Complaint contains the language quoted in paragraph 51, and refers to the entirety of the McAlister Complaint for a complete statement of its contents.

52.     Mr. Schorsch need not respond to those allegations in paragraph 52 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 52, and otherwise denies the allegations, except admits that the McAlister Complaint contains the unaltered language quoted in paragraph 52, and refers to the entirety of the McAlister Complaint for a complete statement of its contents.

53.     Mr. Schorsch need not respond to those allegations in paragraph 53 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 53, and otherwise denies the allegations, except admits that the McAlister Complaint contains the unaltered language quoted in paragraph 53, and refers to the entirety of the McAlister Complaint for a complete statement of its contents.

54.     Mr. Schorsch need not respond to the allegations in paragraph 54 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 54, otherwise denies the allegations, and refers to the entirety of the ARCP Audit Committee's reporting for a complete statement of its contents.

55.     Paragraph 55 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 55 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 55, otherwise denies the allegations, and refers to the entirety of the October 29, 2014 Form 8-K for a complete statement of its contents.

56.     Mr. Schorsch need not respond to the allegations in paragraph 56 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 56, otherwise denies the allegations, and refers to the entirety of the referenced call transcript for a complete statement of its contents.

57.     Mr. Schorsch need not respond to the allegations in paragraph 57 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 57, and otherwise denies the allegations, except admits that, on October 29, 2014, Wells Fargo published a report which contains the quoted language, and that, on October 29, 2014, *The Wall Street Journal* published an article that contains the quoted language attributed to J.P. Morgan Securities.

58.     Mr. Schorsch need not respond to the allegations in paragraph 58 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 58, and otherwise denies the allegations.

59.     Mr. Schorsch need not respond to the allegations in paragraph 59 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 59, and otherwise denies the allegations, except admits that, on October 29, 2014, *The Wall Street* Journal published an article about ARCP that contained the quoted language, and that on October 31, 2014, *Reuters* published an article about ARCP that contained the quoted language, and refers to the entirety of the *Reuters* and *The Wall Street Journal* articles for a complete statement of their contents.

60.     Mr. Schorsch need not respond to the allegations in paragraph 60 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 60, and otherwise denies the allegations.

61.     Mr. Schorsch need not respond to the allegations in paragraph 61 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies the allegations in paragraph 61, except admits that the closing price for ARCP's common stock was $12.38 per share on October 28, 2014, as reported by Bloomberg, and that ARCP's common stock closed at $10 per share on October 29, 2014, as reported by Bloomberg.

62.     Mr. Schorsch need not respond to the allegations in paragraph 62 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 62, and otherwise denies the allegations.

63.     Mr. Schorsch need not respond to the allegations in paragraph 63 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 63, and otherwise denies the allegations, except admits that ARCP filed a Form 8-K on December 15, 2014 that stated that Mr. Schorsch had resigned as Executive Chairman and director of ARCP, and that the Form 8-K filed on December 15, 2014 also stated that Mr. David S. Kay had resigned as Chief Executive Officer and director of ARCP, and stated that Ms. Lisa E. Beeson had resigned as President and Chief Operating Officer of ARCP, and refers to the entirety of that filing for a complete statement of its contents.

64.     Mr. Schorsch need not respond to the allegations in paragraph 64 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 64, and otherwise denies the allegations.

65.     Mr. Schorsch need not respond to the allegations in paragraph 65 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 65, and otherwise denies the allegations, except admits that ARCP filed the Amended Reports on March 2, 2015, and refers to the entirety of the referenced reports for a complete statement of their contents.

66.     Paragraph 66 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 66 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 66, otherwise denies the allegations, and refers to the entirety of ARCP's Amended Reports for a complete statement of their contents.

67.     Paragraph 67 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 67 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 67, otherwise denies the allegations, and refers to the entirety of ARCP's Amended 2013 Form 10-K for a complete statement of its contents.

68.     Mr. Schorsch need not respond to the allegations in paragraph 68 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 68, otherwise denies the allegations, and refers to the entirety of ARCP's Amended 2013 Form 10-K for a complete statement of its contents.

69.     Mr. Schorsch need not respond to the allegations in paragraph 69 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 69, otherwise denies the allegations, and refers to the entirety of ARCP's Amended 2013 Form 10-K for a complete statement of its contents.

70.     Mr. Schorsch need not respond to the allegations in paragraph 70 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 70, otherwise denies the allegations, and refers to the entirety of ARCP's Amended 2013 Form 10-K for a complete statement of its contents.

71.     Mr. Schorsch need not respond to the allegations in paragraph 71 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 71, otherwise denies the allegations, and refers to the entirety of ARCP's Amended 2013 Form 10-K for a complete statement of its contents.

72.     Mr. Schorsch need not respond to the allegations in paragraph 72 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 72, otherwise denies the allegations, and refers to the entirety of ARCP's Amended 2013 Form 10-K for a complete statement of its contents.

73.     Mr. Schorsch need not respond to the allegations in paragraph 73 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 73, otherwise denies the allegations, and refers to the entirety of ARCP's Amended 2014 First Quarter Report for a complete statement of its contents.

74.     Mr. Schorsch need not respond to the allegations in paragraph 74 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 74, otherwise

denies the allegations, and refers to the entirety of ARCP's Amended 2014 First Quarter Report for a complete statement of its contents.

75.     Mr. Schorsch need not respond to the allegations in paragraph 75 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 75, otherwise denies the allegations, and refers to the entirety of ARCP's Amended 2014 First Quarter Report for a complete statement of its contents.

76.     Mr. Schorsch need not respond to the allegations in paragraph 76 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 76, otherwise denies the allegations, and refers to the entirety of ARCP's Amended 2014 First Quarter Report for a complete statement of its contents.

77.     Paragraph 77 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 77 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 77, otherwise denies the allegations, and refers to the entirety of ARCP's Amended 2014 Second Quarter Report for a complete statement of its contents.

78.     Mr. Schorsch need not respond to the allegations in paragraph 78 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 78, otherwise denies the allegations, and refers to the entirety of ARCP's Amended 2014 Second Quarter Report for a complete statement of its contents.

79.     Mr. Schorsch need not respond to the allegations in paragraph 79 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 79, otherwise denies the allegations, and refers to the entirety of ARCP's Amended 2014 Second Quarter Report for a complete statement of its contents.

80.     Mr. Schorsch need not respond to the allegations in paragraph 80 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 80, otherwise denies the allegations, and refers to the entirety of ARCP's Amended 2014 Second Quarter Report for a complete statement of its contents.

81.     Mr. Schorsch need not respond to those allegations in paragraph 81 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 81, and otherwise denies the allegations.

82.     Mr. Schorsch need not respond to those allegations in paragraph 82 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 82, and otherwise denies the allegations.

83.     Mr. Schorsch need not respond to those allegations in paragraph 83 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 83, and otherwise denies the allegations.

84.     Mr. Schorsch need not respond to the allegations in paragraph 84 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 84, otherwise denies the allegations, and refers to the entirety of the Amended Reports for a complete statement of their contents.

85.     Paragraph 85 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 85 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations

24

regarding the purported actions and conduct of others referred to in paragraph 85, otherwise denies the allegations, and refers to the entirety of the Amended Reports for a complete statement of their contents.

86.    Paragraph 86 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 86 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 86, otherwise denies the allegations, and refers to the entirety of the Amended Reports for a complete statement of their contents.

87.    Paragraph 87 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 87 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 87, otherwise denies the allegations, and refers to the entirety of ARCP's Amended 2013 Form 10-K and ARCP's 2014 Form 10-K for a complete statement of their contents.

88.    Mr. Schorsch need not respond to the allegations in paragraph 88 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 88, otherwise

denies the allegations, and refers to the entirety of the Amended Reports for a complete statement of their contents.

89.     Paragraph 89 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 89 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 89, and otherwise denies the allegations.

90.     Mr. Schorsch repeats and incorporates by reference herein his responses to paragraphs ¶¶ 54-56.  Furthermore, Paragraph 90 states legal conclusions to which Mr. Schorsch need not respond.  Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 90 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 90, otherwise denies the allegations, and refers to the entirety of the ARCP Audit Committee's reporting and ARCP's October 29, 2014 press release for a complete statement of their contents.

91.     Paragraph 91 states legal conclusions to which Mr. Schorsch need not respond. To the extent that a response is necessary, Mr. Schorsch denies the allegations in paragraph 91, except admits that he served as Chief Executive Officer of ARCP from its inception until on or about September 30, 2014, that he served as the Chairman of ARCP's Board of Directors from the Company's inception until on or about December 12, 2014, and that his signature appears on

each Form 10-K and Form 10-Q filing during the Relevant Period, and refers to the entirety of those filings and any certifications attached thereto for a complete statement of their contents.

92.     Mr. Schorsch repeats and incorporates by reference herein his responses to paragraphs ¶¶ 54-56.  Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 92 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 92, and otherwise denies the allegations, except admits that Brian S. Block acted as CFO of ARCP from its inception until on or about October 28, 2014, and was Treasurer and Secretary from January 8, 2014 until on or about October 28, 2014, and refers to the entirety of the October 29, 2014 Form 8-K for a complete statement of its contents.

93.     Mr. Schorsch need not respond to those allegations in paragraph 93 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 93, and otherwise denies the allegations, except admits that Lisa P. McAlister served as Chief Accounting Officer of ARCP between November 8, 2013 and October 28, 2014, on or about, and refers to the entirety of the October 29, 2014 8-K and the McAlister Complaint for a complete statement of their contents.

94.     Paragraph 94 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 94 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 94, and otherwise denies the allegations, except admits that David S. Kay joined ARCP as President in or about December, 2013, that Mr. Kay left that post and was appointed CEO on or about October 1, 2014, and that Mr. Kay stepped down as CEO on or about December 12, 2014, and refers to the entirety of the October 29, 2014 Form 8-K and the McAlister Complaint for a complete statement of their contents.

95.     Paragraph 95 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 95 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 95, and otherwise denies the allegations, except admits that Lisa E. Beeson served as COO beginning on or around November 7, 2013 and as President and COO beginning on or around October 1, 2014, and that she stepped down effective on or about December 15, 2014, and refers to the entirety of the October 29, 2014 Form 8-K and the McAlister Complaint for a complete statement of their contents.

96.     Paragraph 96 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 96 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 96, and otherwise denies the allegations.

97.     Paragraph 97 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 97 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 97, otherwise denies the allegations, and refers to the entirety of the ARCP Audit Committee's reporting and the referenced filings for a complete statement of their contents.

98.     Mr. Schorsch need not respond to those allegations in paragraph 98 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 98, and otherwise denies the allegations.

99.     Paragraph 99 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 99 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 99, and otherwise denies the allegations.

100.    Mr. Schorsch need not respond to the allegations in paragraph 100 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 100, and otherwise denies the allegations, except admits that ARCP closed its initial

public offering on or about September 7, 2011 pursuant to a registration statement and prospectus (the "IPO Registration Statement"), and refers to the entirety of the IPO Registration Statement for a complete statement of its contents.

101.    Mr. Schorsch need not respond to those allegations in paragraph 101 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 101, and otherwise denies the allegations, except admits that ARCP filed a Form 8-K with the SEC on November 14, 2011 announcing the results for the period ended September 30, 2011 and a filed a Form 10-Q on the same date for the same period ("3Q11 Form 10-Q"), that ARCP filed a Form 8-K with the SEC on March 19, 2012 announcing the results for the period ended December 31, 2011 and a filed a Form 10-K on the same date for the same period ("2011 Form 10-K"), that ARCP filed a Form 8-K with the SEC on May 8, 2012 announcing the results for the period ended March 31, 2012 and a filed a Form 10-Q on May 9, 2012 for the same period ("1Q12 Form 10-Q"), that ARCP filed a Form 8-K with the SEC on July 31, 2012 announcing the results for the period ended June 30, 2012 and a filed a Form 10-Q on August 1, 2012 for the same period ("2Q12 Form 10-Q"), that ARCP filed a Form 8-K with the SEC on October 29, 2012 announcing the results for the period ended September 31, 2012 and a filed a Form 10-Q on the same date for the same period ("3Q12 Form 10-Q"), that ARCP filed a Form 8-K with the SEC on February 28, 2013 announcing the results for the period ended December 31, 2012 and a filed a Form 10-K on the same date for the same period ("2012 Form 10-K"), that ARCP filed a Form 8-K with the SEC on May 6, 2013 announcing the results for the period ended March 31, 2013 and a filed a Form 10-Q the same date for the same period ("1Q13 Form 10-Q"), admits that his signature

appears on those filings, admits that his signature appears on the certifications attached as exhibits to the referenced Form 10-Q and Form 10-K filings, and refers to the entirety of the referenced filings and the attached certifications for a complete statement of their contents.

102.    Paragraph 102 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 102 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 102, otherwise denies the allegations, and refers to the entirety of the referenced IPO Registration Statement, Forms 10-K, Forms 10-Q, press releases and accompanying conference calls, the 2011 Secondary Offering Registration Statement, ARCP's March 14, 2013 Form S-3ASR (the "2013 Shelf Registration Statement"), and other public offering materials for securities issued by American Realty before the Relevant Period for a complete statement of their contents.

103.    Paragraph 103 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 103 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 103, and otherwise denies the allegations.

104.    Mr. Schorsch need not respond to those allegations in paragraph 104 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 104, and otherwise denies the allegations, except admits that on August 6, 2013 ARCP issued a release announcing its financial results for the second quarter of 2013 ("2Q13"), attached as exhibit 99.1 to a Form 8-K, and that ARCP filed a Form 10-Q for the period ending March 31, 2013  ("2Q13 Form 10-Q") on that same date, admits that his signature appears on those filings, admits that his signature appears on the certifications attached as exhibits to the 2Q13 Form 10-Q, and refers to the entirety of the referenced filings, exhibits and attached certifications for a complete statement of their contents.

105.    Mr. Schorsch need not respond to the allegations in paragraph 105 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 105, and otherwise denies the allegations, except admits that ARCP entered into an Agreement and Plan of Merger with Cole Real Estate Investments, Inc. (the "Cole Merger") dated October 22, 2013, and refers to the entirety of the Cole Merger Materials, as described in the response to paragraphs 35 and 37, for the entirety of their contents.

106.    Mr. Schorsch need not respond to those allegations in paragraph 106 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 106, and otherwise denies the allegations, except admits that ARCP issued a release on October 23, 2013 regarding a proposed merger which was attached as an exhibit to a Form 8-K filed with the SEC, admits that

his signature appears on that Form 8-K, and refers to the entirety of that filing and exhibit for a complete statement of their contents.

107.    Mr. Schorsch need not respond to those allegations in paragraph 107 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 107, otherwise denies the allegations, and refers to the entirety of the referenced October 23, 2013 conference call transcript for a complete statement of its contents.

108.    Paragraph 108 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 108 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch repeats and incorporates by reference herein his responses to ¶¶ 104-107.  Mr. Schorsch further denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 108, otherwise denies the allegations, and refers to the entirety of referenced filings, press releases and accompanying conference calls described in ¶¶ 104-107 for a complete statement of their contents.

109.    Mr. Schorsch need not respond to those allegations in paragraph 109 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 109, and otherwise denies the allegations, except admits that ARCP issued a release on November 7, 2013

announcing its financial results for the third quarter of 2013, attached as exhibit 99.1 to a Form 8-K, admits that his signature appears on the Form 8-K, and refers to the entirety of that filing and exhibit for a complete statement of their contents.

110.    Mr. Schorsch denies the allegations in paragraph 110, except admits that ARCP issued a release on November 7, 2013 announcing its financial results for the third quarter of 2013, attached as exhibit 99.1 to a Form 8-K, admits that it contained the quoted language, and refers to the entirety of that filing and exhibit for a complete statement of their contents.

111.    Mr. Schorsch need not respond to those allegations in paragraph 111 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch repeats and incorporates by reference herein his responses to ¶ 102.  Furthermore, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 111, and otherwise denies the allegations, except admits that ARCP filed a Form 10-Q for the period ending September 30, 2013  ("3Q13 Form 10-Q") with the SEC on November 7, 2013, admits that his signature appears on that filing, admits that his signature appears on the certifications attached as exhibits to that filing, and refers to the entirety of the filing and the attached certifications for a complete statement of their contents.

112.    Mr. Schorsch need not respond to those allegations in paragraph 112 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 112, and otherwise denies the allegations, except admits that ARCP filed a Registration Statement on December 3,

34

2013 and a Proxy Statement/Prospectus on December 4, 2013, (collectively, the "ARCT IV Registration Statement/Proxy"), and that Mr. Schorsch's signature appears on those documents, and refers to the entirety of those filings for a complete statement of their contents.

113.   Mr. Schorsch need not respond to those allegations in paragraph 113 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 113, otherwise denies the allegations, except admits that his signature appears on the 2012 Form 10-K, 1Q13 Form 10-Q, 2Q13 Form 10-Q, and 3Q13 Form 10-Q, and refers to the entirety of the ARCT IV Registration Statement/Proxy and the referenced filings for a complete statement of their contents.

114.   Mr. Schorsch need not respond to the allegations in paragraph 114 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 114, otherwise denies the allegations, and refers to the entirety of the July 2, 2013 Agreement and Plan of Merger with ARCT IV for a complete statement of its contents.

115.   Mr. Schorsch need not respond to the allegations in paragraph 115 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 115, and otherwise denies the allegations, except admits that the ARCT IV Registration Statement/Proxy contains

the quoted language, and refers to the entirety of that filing for a complete statement of its contents.

116.   Mr. Schorsch need not respond to the allegations in paragraph 116 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 116, and otherwise denies the allegations, except admits that ARCP reopened the 2018 Notes (the "December 2013 Reopening"), pursuant to the 2013 Shelf Registration Statement, Prospectus Supplements filed on December 5, 6, and 9, 2013, and a Free Writing Prospectus for the December 2013 Reopening filed on December 5, 2013 (collectively, the "December 2013 Reopening Materials"), and that ARCP filed Prospectus Supplements on December 5, 6, and 6, 2013, and a Free Writing Prospectus on December 5, 2013 (collectively, with the 2013 Shelf Registration Statement, the "December 2013 Offering Materials"), and refers to the entirety of the December 2013 Reopening Materials and the December 2013 Offering Materials for a complete statement of their contents.

117.   Paragraph 117 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 117 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch repeats and incorporates by reference herein his responses to ¶¶ 101-103.  Mr. Schorsch further denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 117, otherwise denies the allegations, and refers to the entirety of the December 2013 Reopening Materials and December 2013 Offering Materials for a complete statement of their contents.

118.    Mr. Schorsch need not respond to the allegations in paragraph 118 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 118, and otherwise denies the allegations, except admits that on December 23, 2013, ARCP filed a Registration Statement which incorporated a Joint Proxy Statement/Prospectus in connection with a proposed merger between ARCP and Cole Real Estate Investments, Inc. (collectively, the "Cole Registration Statement/Proxy"), and refers to the entirety of the Cole Registration Statement/Proxy for a complete statement of its contents.

119.    Mr. Schorsch need not respond to those allegations in paragraph 119 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 119, otherwise denies the allegations, except admits that his signature appears on the 2012 Form 10-K, 1Q13 Form 10-Q, 2Q13 Form 10-Q, and 3Q13 Form 10-Q, and refers to the entirety of the Cole Registration Statement/Proxy and the referenced filings for a complete statement of their contents.

120.    Mr. Schorsch need not respond to the allegations in paragraph 120 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 120, and otherwise denies the allegations, except admits that the Cole Registration Statement contains the quoted

language, and refers to the entirety of the Cole Registration Statement/Proxy for a complete statement of its contents.

121.    Paragraph 121 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 121 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch repeats and incorporates by reference herein his responses to ¶¶ 118-20.  Mr. Schorsch further denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 121, and otherwise denies the allegations.

122.    Mr. Schorsch need not respond to those allegations in paragraph 122 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 122, and otherwise denies the allegations, except admits that ARCP issued a release on February 27, 2014 announcing its financial results for the fiscal year and quarter ended December 31, 2013, attached as exhibit 99.1 to a Form 8-K, admits that his signature appears on that filing, and refers to the entirety of that filing and exhibit for a complete statement of their contents.

123.    Mr. Schorsch need not respond to those allegations in paragraph 123 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch repeats and incorporates by reference herein his responses to ¶¶ 100-103.  Furthermore, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 123,

and otherwise denies the allegations, except admits that ARCP filed the 2013 Form 10-K with the SEC on February 27, 2014, admits that his signature appears on that filing, and refers to the entirety of the 2013 Form 10-K for a complete statement of its contents.

124.    Mr. Schorsch need not respond to those allegations in paragraph 124 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 124, otherwise denies the allegations, and refers to the entirety of the referenced February 27, 2014 conference call transcript for a complete statement of its contents.

125.    Mr. Schorsch need not respond to the allegations in paragraph 125 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 125, otherwise denies the allegations, and refers to the entirety of the referenced February 27, 2014 conference call transcript for a complete statement of its contents.

126.    Mr. Schorsch need not respond to the allegations in paragraph 126 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 126, otherwise denies the allegations and refers to the entirety of the referenced February 27, 2014 conference call transcript for a complete statement of its contents.

127.     Paragraph 127 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 127 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch repeats and incorporates by reference herein his responses to ¶¶ 122-26.  Mr. Schorsch further denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 127, and otherwise denies the allegations.

128.     Mr. Schorsch need not respond to those allegations in paragraph 128 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 128, and otherwise denies the allegations, except admits that ARCP issued a release on May 8, 2014 announcing its financial results for first quarter of 2014 ("1Q14"), attached as exhibit 99.1 to a Form 8-K, admits that his signature appears on that Form 8-K, and refers to the entirety of that filing and exhibit for a complete statement of their contents.

129.     Mr. Schorsch need not respond to the allegations in paragraph 129 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 129, and otherwise denies the allegations, except admits that ARCP issued a release on May 8, 2014 announcing its financial results for first quarter of 2014, attached as exhibit 99.1 to a Form 8-K, and refers to the entirety of that filing and exhibit for a complete statement of their contents.

130.     Mr. Schorsch need not respond to the allegations in paragraph 130 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 130, otherwise denies the allegations, and refers to the entirety of the 1Q14 Form 8-K and its exhibits for a complete statement of their contents.

131.     Mr. Schorsch need not respond to those allegations in paragraph 131 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch repeats and incorporates by reference herein his responses to ¶ 102.  Furthermore, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 131, and otherwise denies the allegations, except admits that ARCP filed the 1Q14 Form 10-Q with the SEC on May 8, 2014, admits that his signature appears on that filing, and refers to the entirety of the 1Q14 Form 10-Q for a complete statement of its contents.

132.     Mr. Schorsch need not respond to those allegations in paragraph 132 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 132, otherwise denies the allegations, and refers to the entirety of the referenced May 8, 2014 conference call transcript for a complete statement of its contents.

133.     Mr. Schorsch need not respond to the allegations in paragraph 133 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 133, otherwise denies the allegations, and refers to the entirety of the referenced May 8, 2014 conference call transcript for a complete statement of its contents.

134.    Paragraph 134 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 134 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch repeats and incorporates by reference herein his responses to ¶¶ 128-33.  Mr. Schorsch further denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 134, and otherwise denies the allegations.

135.    Mr. Schorsch need not respond to the allegations in paragraph 135 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 135, otherwise denies the allegations, and refers to the entirety of the 2013 Shelf Registration Statement, the preliminary Prospectus Supplement filed with the SEC on May 21, 2014 and the Prospectus Supplement filed with the SEC on May 23, 2014 (the "May 2014 Stock Offering Materials") for a complete statement of their contents.

136.    Mr. Schorsch need not respond to those allegations in paragraph 136 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 136, otherwise denies the allegations, and refers to the entirety of the May Stock Offering Materials for a complete statement of their contents.

137.    Paragraph 137 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 137 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch repeats and incorporates by reference herein his responses to ¶¶ 135-36.  Mr. Schorsch further denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 137, and otherwise denies the allegations.

138.    Mr. Schorsch need not respond to those allegations in paragraph 138 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 138, and otherwise denies the allegations, except admits that ARCP issued a press release on July 29, 2014 announcing its financial results for the second quarter of 2014, attached as exhibit 99.1 to a Form 8-K, admits that his signature appears on that Form 8-K, and refers to the entirety of that filing and exhibit for a complete statement of their contents.

139.    Mr. Schorsch need not respond to those allegations in paragraph 139 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 139, and otherwise

denies the allegations, except admits that ARCP issued a release on July 29, 2014 announcing its financial results for the second quarter of 2014, attached as exhibit 99.1 to a Form 8-K, admits that the quoted language appears in the referenced filing, and refers to the entirety of that filing and exhibit for a complete statement of their contents.

140.    Mr. Schorsch need not respond to the allegations in paragraph 140 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 140, and otherwise denies the allegations, except admits that ARCP issued a release on July 29, 2014 announcing its financial results for the second quarter of 2014, attached as exhibit 99.1 to a Form 8-K, admits that the quoted language appears in the referenced filing, and refers to the entirety of that filing and exhibit for a complete statement of their contents.

141.    Mr. Schorsch need not respond to those allegations in paragraph 141 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch repeats and incorporates by reference herein his responses to ¶ 102.  Furthermore, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 141, and otherwise denies the allegations, except admits that ARCP filed the 2Q14 Form 10-Q, admits that his signature appears on that filing, and refers to the entirety of that filing for a complete statement of its contents.

142.    Mr. Schorsch need not respond to the allegations in paragraph 142 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 142, otherwise denies the allegations, and refers to the entirety of the referenced July 29, 2014 conference call transcript for a complete statement of its contents.

143.    Mr. Schorsch need not respond to the allegations in paragraph 143 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 143, otherwise denies the allegations, and refers to the entirety of the referenced July 29, 2014 conference call transcript for a complete statement of its contents.

144.    Paragraph 144 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 144 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch repeats and incorporates by reference herein his responses to ¶¶ 138-43.  Mr. Schorsch further denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 144, and otherwise denies the allegations.

145.    Paragraph 145 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 145 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 145, and otherwise denies the allegations.

146.     Paragraph 146 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 146 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 146, and otherwise denies the allegations.

147.     Paragraph 147 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 147 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 147, and otherwise denies the allegations.

148.     Paragraph 148 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 148 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 148, and otherwise denies the allegations.

149.     Paragraph 149 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 149 that are

directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

further denies knowledge and information sufficient to form a belief as to the truth of the

allegations regarding the purported actions and conduct of others referred to in paragraph 149,

and otherwise denies the allegations, except admits that ARCP traded on the NASDAQ and that

ARCP was followed by several securities analysts who reported on ARCP during the Relevant

Period, and refers to the entirety of the referenced  materials for a complete statement of their

contents.

151.    Paragraph 150 states legal conclusions to which Mr. Schorsch need not respond.

Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 150 that are

directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 150, and otherwise

denies the allegations.

151.    Paragraph 151 states legal conclusions to which Mr. Schorsch need not respond.

Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 151 that are

directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 151, and otherwise

denies the allegations.

152.    Mr. Schorsch need not respond to the allegations in paragraph 152 because they

are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 152, and otherwise denies the allegations, except admits that ARCP's common stock traded as low as $7.85 per share on October 29, 2014, and closed at $10 per share, as reported by Bloomberg, and refers to the entirety of transcript of the October 29, 2014 conference call for a complete statement of its contents.

153.     Mr. Schorsch need not respond to the allegations in paragraph 153 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 153, and otherwise denies the allegations, except admits that ARCP's common stock traded as low as $7.85 per share on October 29, 2014, and closed at $10 per share, as reported by Bloomberg.

154.     Paragraph 154 states legal conclusions to which Mr. Schorsch need not respond. To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported conduct of others referred to in paragraph 154, and otherwise denies the allegations, except admits that ARCP's Series F preferred stock closed at $23.53 per share on October 28, 2014, closed at $22.12 per share on October 29, 2014, and closed at $20.91 per share on November 3, 2014, as reported by Bloomberg.

155.     Mr. Schorsch need not respond to the allegations in paragraph 155 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies the allegations in paragraph 155.

156.    Paragraph 156 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 156 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies the allegations in paragraph 156.

157.    Paragraph 157 states legal conclusions to which Mr. Schorsch need not respond. To the extent that a response is necessary, Mr. Schorsch denies the allegations in paragraph 157.

158.    Mr. Schorsch repeats and incorporates by reference herein his responses to ¶¶ 1-157, and otherwise denies the allegations in paragraph 158.

159.    Mr. Schorsch need not respond to the allegations in paragraph 159.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 159, and otherwise denies the allegations, except admits that Plaintiffs purport to bring claims under § 10(b) of the 1934 Act.

160.    Paragraph 160 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 160 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 160, and otherwise denies the allegations.

161.    Paragraph 161 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 161 that are

directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 161, and otherwise denies the allegations.

162.    Paragraph 162 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 162 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 162, and otherwise denies the allegations.

163.    Paragraph 163 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 163 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 163, and otherwise denies the allegations.

164.    Mr. Schorsch repeats and incorporates by reference herein his responses to ¶¶ 1-157 and otherwise denies the allegations in paragraph 164.

165.    Mr. Schorsch need not respond to the allegations in paragraph 165 because they are directly solely at other defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 165, and otherwise

denies the allegations, except admits that Plaintiffs purport to bring claims under § 20(a) of the 1934 Act.

166.    Paragraph 166 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 166 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 166, and otherwise denies the allegations.

167.    Paragraph 167 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 167 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 167, and otherwise denies the allegations, except admits that ARCP has previously stated that, as of June 30, 2014, ARCP was the sole general partner  in ARC Properties, and refers to the entirety of the agreements between those entities for the terms of their business dealings.

168.    Paragraph 168 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 168 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 168, and otherwise

denies the allegations, except admits that ARC Properties Advisors LLC provided management services to ARCP until on or around January 8, 2014.

169.     Paragraph 169 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 169 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 169, and otherwise denies the allegations.

170.     Paragraph 170 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 170 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 170, and otherwise denies the allegations.

171.     Paragraph 171 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 171 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 171, and otherwise denies the allegations.

## **PRAYER FOR RELIEF**

Answering Plaintiffs' prayer for relief, Mr. Schorsch denies that Plaintiffs are entitled to relief against Mr. Schorsch.

\* \* \*

**ADDITIONAL DEFENSES**

As additional defenses, defendant Nicholas S. Schorsch alleges, asserts and avers the following, which apply to each and every cause of action asserted in the Complaint against Mr. Schorsch to which such defense is or may be applicable.  By virtue of alleging these further defenses, Mr. Schorsch does not assume any burden of proof, persuasion or production not otherwise legally assigned to him.  Mr. Schorsch also does not concede that facts contrary to one or more of the averments that follows would support liability as to him.  Mr. Schorsch reserves all rights to assert other defenses as appropriate.

**FIRST DEFENSE**

Plaintiffs lack standing in whole or in part to assert the claims alleged in the Complaint.

**SECOND DEFENSE**

The Complaint and the purported causes of action are barred, in whole or in part, by the applicable statutes of limitations and repose.

**THIRD DEFENSE**

Plaintiffs' claims are barred in whole or in part by the release contained in ARCP's corporate charter.

**FOURTH DEFENSE**

The Complaint fails to state any claim against Mr. Schorsch upon which relief can be granted.

**FIFTH DEFENSE**

The Complaint fails to plead fraud with particularity.

## SIXTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the filings and offerings purported in the Complaint to support Plaintiffs' claims did not contain misstatements of material facts or omit material facts required to be stated in order to make the statements contained therein not misleading.

## SEVENTH DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, because any alleged misrepresentations or omissions were not material, as a matter of law or otherwise.

## EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Mr. Schorsch did not make or cause to be made any statements that were false or misleading with respect to material facts when made, or any misleading, actionable omissions of material fact.

## NINTH DEFENSE

Mr. Schorsch is not liable to the extent any alleged misstatements constituted inactionable statements of opinion or puffery.

## TENTH DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, by the safe harbor provisions for forward-looking statements in the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-5).

## ELEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part on the grounds that some or all of the matters now alleged to be the subject of false and/or misleading statements or omissions were

actually disclosed and/or in the public domain, and, as such, there were no actionable misrepresentations or omissions.

## TWELFTH DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, by the bespeaks caution doctrine.

## THIRTEENTH DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, because Mr. Schorsch did not have the level of scienter required to impose liability for the conduct alleged in the Complaint.

## FOURTEENTH DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, because every act or omission alleged in the Complaint was done or omitted in good faith conformity with the rules and regulations of the Securities and Exchange Commission, and therefore, pursuant to Section 23(a) of the Securities Exchange Act of 1934, there is no liability for any act or omission so alleged.

## FIFTEENTH DEFENSE

At all times, and with respect to all matters contained herein, Mr. Schorsch acted in good faith, exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements and/or omissions alleged in the Complaint.

## SIXTEENTH DEFENSE

The claims asserted in the Complaint are barred because, with respect to the statements and disclosures alleged to have been made by Mr. Schorsch, Mr. Schorsch had no reasonable ground to believe and did not believe, at the time such statements were made and at all relevant times, that the statements were untrue, or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## SEVENTEENTH DEFENSE

The claims asserted in the Complaint are barred because Mr. Schorsch relied, in good faith, and was entitled to rely, on advice and information provided by ARCP's accountants, auditors, consultants and other professional advisors.

## EIGHTEENTH DEFENSE

The Complaint fails adequately to plead loss causation, and in fact, Plaintiffs cannot prove loss causation.

## NINETEENTH DEFENSE

The Complaint fails to adequately plead transaction causation, and in fact, Plaintiffs cannot prove transaction causation.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs have not alleged injuries that were proximately caused by any alleged misrepresentation or omission.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs did not actually rely upon the purported misrepresentations or omissions alleged in the Complaint.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs did not rely detrimentally and/or reasonably upon the purported misrepresentations or omissions alleged in the Complaint.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to mitigate damages.

## TWENTY-FOURTH DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs is subject to offset in the amount of any value gained through the investment (including tax benefits actually received) and is subject to the "90-day-bounce-back" damages limitation, 15 U.S.C. § 78u-4(e).

## TWENTY-FIFTH DEFENSE

The damages for which Plaintiffs claim Mr. Schorsch is responsible arise from a depreciation in share price that was not the result of any material misrepresentation or actionable omission by Mr. Schorsch and were otherwise caused or contributed to by persons or entities for whom Mr. Schorsch is not responsible and for whom Mr. Schorsch is not liable, or by factors other than any alleged misrepresentations or omissions for which Mr. Schorsch may be responsible.

### TWENTY-SIXTH DEFENSE

Plaintiffs' alleged damages were the result of intervening or superseding events, acts or omissions of other parties, or industry or market conditions over which Mr. Schorsch had no control and for which he cannot be held liable to Plaintiffs.

### TWENTY-SEVENTH DEFENSE

Mr. Schorsch is not liable to the extent the alleged misrepresentations and omissions in the Complaint did not affect the market price of ARCP securities.

### TWENTY-EIGHTH DEFENSE

Mr. Schorsch is not liable to the extent Plaintiffs knew or had reason to know the truth notwithstanding any alleged misrepresentations or omissions on which their claims are based.

### TWENTY-NINTH DEFENSE

To the extent that facts that will be discovered in this matter give rise to them, Mr. Schorsch advances the defenses of assumption of risk, estoppel, waiver, laches, unclean hands, res judicata, contributory negligence, and comparative fault.  Likewise, Plaintiffs' damages are barred by N.Y. C.P.L.R. § 1411.

### THIRTIETH DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, because Mr. Schorsch did not intentionally make any misleading statement or misleading, actionable omission.  At all times, and with respect to all matters contained herein, Mr. Schorsch acted in good faith, exercised reasonable care and did not know, and in the exercise of reasonable care

could not have known, of the purported untruths, misstatements and/or omissions alleged in the Complaint.

### THIRTY-FIRST DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, because Mr. Schorsch did not negligently make any misleading statement or misleading, actionable omission. At all times, and with respect to all matters contained herein, Mr. Schorsch acted in good faith, exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements and/or omissions alleged in the Complaint.

### THIRTY-SECOND DEFENSE

The claims asserted in the Complaint are barred because, with respect to the statements and disclosures alleged to have been made by Mr. Schorsch, Mr. Schorsch had no reasonable ground to believe and did not believe, at the time such statements were made and at all relevant times, that the statements were untrue, or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

### THIRTY-THIRD DEFENSE

The claims asserted in the Complaint are barred because, with respect to the statements and disclosures alleged to have been made by Mr. Schorsch, after reasonable investigation Mr. Schorsch had reasonable ground to believe and did believe, at the time such statements became effective, that the statements therein were true and omitted no material facts.

## THIRTY-FOURTH DEFENSE

Mr. Schorsch hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant to the extent Defendants may share in such defenses.

## THIRTY-FIFTH DEFENSE

Mr. Schorsch reserves the right to assert and pursue additional defenses, including any that may become known through discovery or otherwise.

## ADDITIONAL DEFENSES RESERVED

Mr. Schorsch hereby gives notice that he may rely on other defenses if and when such defenses become known during the course of the litigation, and hereby reserves the right to amend his answer and to assert any additional defenses, cross-claims, counterclaims, and third party claims as they become known or available.

## PRAYER FOR RELIEF

**WHEREFORE,** Mr. Schorsch prays for relief and judgment:

A.   Denying Plaintiffs the relief sought in the Complaint;

B.   Dismissing the Complaint with prejudice;

C.   Ordering that Plaintiffs take nothing and that judgment be entered against Plaintiffs;

D.   Awarding Mr. Schorsch costs and expenses, including counsel and expert fees; and

E.   Granting such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          June 7, 2017

Respectfully submitted,

PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP


By:   /s/ Theodore V. Wells Jr.
      Theodore V. Wells Jr.
      Daniel J. Kramer
      Lorin L. Reisner
      Audra J. Soloway
      Justin D. Lerer
      Joshua D. Kaye

1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000
twells@paulweiss.com

*Attorneys for Defendant Nicholas S. Schorsch*